## UNITED STATES v. ONE CHEVROLET SEDAN.

District Court, S. D. Texas, at Brownsville.
June 15, 1929.

No. 621.

Douglas W. McGregor, Asst. Dist. Atty., of Houston, Tex., for the United States.

West & Hightower, of Brownsville, Tex., for claimant.

HUTCHESON, District Judge. This is a proceeding brought under sections 3061, 3062, Revised Statutes, U. S. C. title 19, §§ 482, 483 (19 USCA §§ 482, 483).

The libel alleges that the vehicle was seized "while said automobile was being used in the conveying and transporting of cer-tain foreign distilled liquor which had lately been unlawfully imported into the United States contrary to law."

Claimant asserts that the libel is insufficient because it does not charge that there was in the vehicle merchandise subject to duty, or which had been introduced contrary to law, and it alleges that as a matter of fact there was not any such merchandise therein. Both of these points are well taken.

The libel does not plead, nor do the facts establish, any conditions which would subject the vehicle to forfeiture. This being a proceeding for forfeiture, the libel should allege, and the evidence establish, the existence of those facts made by the statute a condition of such forfeiture. These facts are set out in the two sections above referred to as follows:

"Sec. 482. Search of Vehicles and Persons. Any of the officers or persons authorized to board or search vessels may stop, search, and examine, * * * any vehicle, beast, or person, on which or whom he or they shall suspect there is merchandise which is subject to duty, or shall have been introduced into the United States in any manner contrary to law."

"Sec. 483. Forfeitures. Any such vehicle and beast, or either, together with teams or other motive power used in conveying, drawing, or propelling such vehicle or merchandise, and all other appurtenances, including trunks, envelopes, covers, and all means or concealment and all the equipage, trappings and other appurtenances of such beast, team, or vehicle, shall be subject to seizure and forfeiture."

The facts at the trial developed that the car in question was being driven by one who had agreed to act as pilot or guide for persons engaged in smuggling in other cars liquors unlawfully introduced into the United States, but none of the liquors were in the car in question.

Upon these facts the government contends that, within the language and the intent of the statute, the car in question became forfeit; claimant, that it did not.

Libelant cites United States v. One Dodge Sedan (D. C.) 28 F.(2d) 44, in which the libel was brought under Rev. St. § 3450 (26 USCA § 1181), against four automobiles, three of which were loaded with smuggled whisky. The one in question in that suit was the armed convoy or pilot guide of the others, itself containing no liquors.

It was there held that section 3450, providing that all conveyances used "in the removal or for the deposit or concealment" of

such articles shall be forfeited, was effective to bring about a forfeiture in that case.

Whether that decision be correct or not as to the section under discussion, it is not authority for the effect which the government seeks to give to the statute in question here.

Here by the express terms of the first statute, section 482, the officers are authorized to stop, search, and examine vehicles and persons in which or whom they suspect there is merchandise subject to duty, and it is such vehicles, and such only, that the following section 483 declares subject to forfeiture. On or in the vehicle in question there was no smuggled merchandise, and it follows that it has not become subject to forfeiture.

Let a decree be entered dismissing the libel and delivering the property to the lienor claimant.

Since, however, there was probable cause for the seizure, in view of the fact that the car was part of the convoy of vehicles some of which were loaded, a certificate of probable cause will be awarded the government, and the costs of the seizure and storage will be taxed against the claimant.